UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

RICHARD MARTIN LEWISTON,

    Debtor.
_____/

RICHARD MARTIN LEWISTON,

    Plaintiff-Appellant,

v.                                                   Case No. 15-10804
                                                    Case No. 14-14452
GENE R. KOHUT, Chapter 7          HON. AVERN COHN
Trustee,

    Defendant-Appellee.
_____/

## **MEMORANDUM AND ORDER**

### **I. INTRODUCTION**

       These are appeals from orders in a Chapter 7 bankruptcy, holding that the debtor's interest in a living trust, or the debtor's beneficial interest in the living trust, is not exempt under the Bankruptcy Code. The trust in question is the Lois and Richard Lewiston Living Trust, dated September 10, 1986 (the "Trust"). The Bankruptcy Court ruled from the bench. (See B.R. Docs. 477, 574; see also B.R. Court Transcripts, B.R. Docs. 493, 595)

       Now before the Court are the debtor's ("Lewiston") appeals from the Bankruptcy Court orders. Because both appeals concern Chapter 7 Trustee Gene R. Kohut's objections to Lewiston's claimed exemptions, they are discussed together, below. For

the reasons that follow, the orders of the Bankruptcy Court will be affirmed.[1]

## II. BACKGROUND

### A. The Lois and Richard Lewiston Living Trust

The Lois and Richard Lewiston Living Trust, dated September 10, 1986, named Lewiston and his wife as trustees and as beneficiaries of the Trust. (B.R. Doc. 489, Ex. A at 1, 4). It provided, however, that Lewiston would be the Managing Trustee and that, as such, "he shall have the sole and absolute authority to exercise the rights, powers, and duties . . . in connection with the management, investment, and administration of the [T]rust assets; and his signature on any documents relating to any of these matters shall be sufficient to bind the [T]rust." Only after Richard's death or incapacity, would his wife Lois become Managing Trustee (Id. at 2). Under the terms of the Trust, the Managing Trustee's rights include the ability to "sell, exchange, assign, transfer and convey any security or property, real or personal, held in the [T]rust estate . . ." (Id. at 8)

A February 2008 amendment changed this to state that "[e]ither Richard or Lois, acting alone, shall be considered the Managing Trustee of the [T]rust . . ." and would have the full "rights, powers, and duties" of a Managing Trustee, described above. (B.R. Doc. 489, Ex. B at 1)

### B. Bankruptcy Court Proceedings

Lewiston filed a voluntary Chapter 7 bankruptcy petition on August 13, 2012. (B.R. Doc. 1) On September 20, 2012, Kohut was elected Chapter 7 Trustee.

Lewiston filed his initial Schedule C on August 27, 2012, in which he asserted

---

[1] The Court recognizes that, should there be an appeal to the Court of Appeals, the decisions of the Bankruptcy Court will be reviewed *de novo. See In re Batie*, 995 F.2d 85, 88 (6th Cir. 1993).

exemption of the Trust. (B.R. Doc. 40 at 9) Kohut filed an objection (B.R. Doc. 385), arguing that the Trust is not among the types of property which can be claimed exempt under M.C.L. §§ 557.151 and 600.5451(1)(n). Lewiston opposed Kohut's objection. (B.R. Doc. 430) On September 19, 2014, the Bankruptcy Court sustained Kohut's objection, agreeing with Kohut that none of the bases asserted by Lewiston allowed for the exemption. (B.R. Docs. 477, 493) Lewiston appealed the Bankruptcy Court's decision in *In re Richard Martin Lewiston*, Case No. 14-14452 ("*Lewiston I*").

Following the filing of the first appeal, Lewiston amended his Schedule C to list additional bases for exemption of the Trust. (B.R. Doc. 518 at 9-10) Kohut again objected, arguing that the additional statutory grounds do not support the exemption; Lewiston argued to the contrary. (B.R. Docs. 532, 547). At a hearing on February 13, 2015, the Bankruptcy Court sustained Kohut's objection to the exemptions. (B.R. Doc. 574, 595) Lewiston appealed the Bankruptcy Court's second decision in *In re Richard Martin Lewiston*, Case No. 15-10804 ("*Lewiston II*").

### C. Claims on Appeal[2]

In *Lewiston I,* Lewiston argues that because the Trust is "owned" jointly by him and his wife, the Trust is held in a tenancy by the entirety, which is exempt under bankruptcy law.

In *Lewiston II,* Lewiston takes a slightly different approach. He says that he and

---

[2] Lewiston originally claimed exempt his membership interest in a limited liability company, Lewiston/Etterbeek Associates, L.L.C. Kohut's objection was sustained by the Bankruptcy Court, which Lewiston appealed in *Lewiston I*. (See B.R. Docs. 477, 493) While on appeal, the amended Schedule C asserted additional bases for the exemption. Upon rehearing, Kohut's objections were overruled. (B.R. Doc. 574, 595) Both parties therefore agree that Lewiston's appeal in *Lewiston I* is now moot as it relates to the membership interest.

3

his wife own *the beneficial interest in the Trust* as tenants by the entirety, which is similarly exempt.

Thus, the issue before the Court is whether the Trust and/or Lewiston's beneficial interest in the Trust is exempt as claimed by Lewiston

### III. STANDARD OF REVIEW

The district court reviews factual findings made by a bankruptcy court for clear error, which requires the appellant to demonstrate "the most cogent evidence of mistake of justice." *WesBanco Bank Barnesville v. Rafoth* (*In re Baker & Getty Fin. Servs.*), 106 F.3d 1255, 1259 (6th Cir. 1997); *see also* Fed. R. Bankr. P. 8013. Conclusions of law are reviewed de novo. *Simon v. Chase Manhattan Bank* (*In re Zaptocky*), 250 F.3d 1020, 1023 (6th Cir. 2001); *see also Lopez v. Donaldson* (*In re Lopez*), 292 B.R. 570, 573 (E.D. Mich. 2003).

### IV. *LEWISTON I*

Under the Bankruptcy Code, a debtor is required to list the assets that he or she claims as exempt. 11 U.S.C. § 522(l). The list must be filed on the appropriate form as required by Fed. R. Bankr. P. 1007. *See* Fed. R. Bankr. P. 4003(a). The Bankruptcy Code permits a debtor to list exempt assets by electing either the federal exemptions or state-law exemptions. 11 U.S.C. § 522. Lewiston has elected the state-law exemptions by checking the "11 U.S.C. § 522(b)(3)" box on his Schedule C. (B.R. Doc. 40, p. 9) Schedule C further requires a debtor to "specify [the] law providing each exemption" next to the description of the asset sought to be exempt. (*Id.*)

Lewiston bases exemption on the three citations listed in his original Schedule C:

4

(1) M.C.L. § 557.151, (2) M.C.L. § 600.5451(1)(n)[3], and (3) *Zavradinos v. JTRB, Inc.*, 482 Mich. 858 (2008).

In *Lewiston I*, the Bankruptcy Court held that (1) the Trust is not among the types of properties listed in M.C.L. §§ 557.151 or 600.5451(1)(o), and (2) *Zavradinos* does apply because it is not a bankruptcy case; it involves security accounts, rather than an interest in a living trust. (See Transcript of Bankruptcy Court, Case No. 15-10804, Doc. 12 Ex. 1) The Bankruptcy Court's reasoning is correct; Lewiston's arguments lack merit.

### A. M.C.L. §§ 557.151 and 600.5451(1)(n)

Under Michigan law, certain forms of personal property held jointly by husband and wife are afforded protection in bankruptcy. The protections are described in M.C.L. § 600.5451(1)(n), which exempts "[p]roperty described in . . . M.C.L. 557.151, or real property, held jointly by a husband and wife as a tenancy by the entirety . . . ." M.C.L. § 557.151 defines the forms of property that can be held by husband and wife in a joint tenancy:

> **557.151. Evidence of indebtedness payable to husband and wife; ownership in joint tenancy**
>
> Sec. 1. All bonds, certificates of stock, mortgages, promissory notes, debentures, or other evidences of indebtedness hereafter made payable to persons who are husband and wife, or made payable to them as endorsees or assignees, or otherwise, shall be held by such husband and wife in joint tenancy unless otherwise therein expressly provided, in the same manner and subject to the same restrictions, consequences and conditions as are incident to the ownership of real estate held jointly by husband and wife under the laws of this state, with full right of ownership by survivorship in case of the death of either.

---

[3] Previously, this exemption was contained in subsection (1)(o).

5

M.C.L. § 557.151. Further, there is a statutory presumption that the types of personal property listed in § 557.151 are held by spouses as tenants by the entirety. *DeYoung v. Mesler*, 373 Mich. 499, 504 (1964). Thus, by claiming that the Trust is exempt under M.C.L. §§ 600.5451(1)(n) and 557.151, Lewiston asserts that the Trust and/or or his beneficial interest in the Trust is held with his wife as tenants by the entirety. This argument is without merit.

### B. Living Trusts and Tenancies by the Entirety

1.

Michigan case law is clear that a tenancy by the entirety is created only when property is transferred *directly to a husband and wife*. *See Budwit v. Herr*, 339 Mich. 265, 272 (1954) (emphasis added). A consequence of a tenancy by the entirety is that one spouse cannot unilaterally convey, alienate, or encumber entireties property without the consent of the other spouse. M.C.L. § 600.6023a; *Budwit*, 339 Mich. at 278.

The creation of a tenancy by the entirety requires a written instrument of conveyance that creates unities of time, title, interest, possession, and person (marriage of husband and wife). *Id.* However, tenancies by the entirety are statutorily limited to certain kinds of property. *See* M.C.L. § 557.151. Further, there is a common law presumption—as well as a statutory presumption—that a conveyance of an estate to husband and wife creates a tenancy by entirety. *DeYoung*, 373 Mich. at 504; *see generally* Jason L. Honigman, *Tenancy by Entirety in Michigan*, 5 Mich. St. B.J. 196, 204 (1925-1926). To overcome this presumption requires express language to the contrary. M.C.L. § 557.151 (recognizing tenancy by the entirety "unless otherwise

6

therein expressly provided"); *DeYoung*, 373 Mich. at 503-04.

Trusts, by contrast, are considered a distinct "legal 'entity,' consisting of the trust estate and the associated fiduciary relation between the trustee and the beneficiaries." Restatement (Third) of Trusts § 2 cmt a. (2003). A "living" trust is one created during the lifetime of the settlor (the person creating the trust). *Id.* § 2 cmt.1, illus. 5. Unlike tenancies by the entirety, any property, real or personal, can be held in trust. *Id.* § 8. Within the legal framework of a trust, trustees and beneficiaries have distinct relationships with respect to trust property: although the trustee holds "bare" legal title to the property, beneficiaries hold the beneficial interests, or "equitable title," in the trust property. *Id.* § 42 cmt a.

2.

Here, there is no question that when the Trust was created, certain assets were transferred to the Trust, and that Lewiston and his wife were named both as beneficiaries and trustees of the Trust; under the 2008 amendment, both Lewiston and his wife were considered Managing Trustees of the Trust. Lewiston says that the Trust is "a vessel for interests in both real estate and personal property," which was "owned jointly by a husband and wife," and that the creation of the Trust was, "in effect," the transfer of property from Lewiston to the joint ownership of Lewiston and his wife.

Lewiston's position lacks legal support and collapses the legal distinction between living trusts and tenancies by the entirety. As explained above, a living trust is a distinct legal "entity," distinguishable from tenancy by the entirety, which is merely a form of joint property ownership between husband and wife. Under Michigan law, a

living trust has specific rights, duties, restrictions, consequences, and conditions related to Trust assets, which are different from those pertaining to property held in a tenancy by the entirety. Lewiston provides no support for his assertion that the Trust is held with his wife as tenants by the entirety.

### C. *Zavradinos*

#### 1.

Lewiston cites *Zavradinos v. JTRB, Inc.*, 482 Mich. 838 (2008), for the proposition that the statutory presumption in favor of tenancies by the entirety should apply to the Trust and/or to his beneficial interest in the Trust. Lewiston's argument lacks merit.

In *Zavradinos*, the plaintiff sought garnishment of certain security accounts held by the defendant spouses. However, because property held as tenants by the entirety is not subject to garnishment, the plaintiff argued that the defendants held the security accounts as joint tenants, rather than as tenants by the entirety. The Court of Appeals disagreed, holding that the plaintiff failed to overcome the presumption that the accounts were held by the defendants as tenants by the entirety. *Zavradinos v. JTRB, Inc.*, No. 268570, 2007 WL 2404612 at *4 (Mich. Ct. App. Aug. 23, 2007) (citing M.C.L. § 557.151; *DeYoung*, 373 Mich. at 504). The Supreme Court of Michigan denied leave to appeal, noting the "statutory presumption in favor of tenancies by the entirety . . . when the conveyance is 'made payable to persons who are husband and wife.' " *Zavradinos*, 482 Mich. at 863 (citing M.C.L. § 557.151) (emphasis omitted).

#### 2.

8

Lewiston says that, like the security accounts in *Zavradinos*, the Trust is a "vessel" for assets that are held with his wife in a tenancy by the entirety. The argument lacks merit.

To begin, the Court of Appeals in *Zavradinos* expressly relied on M.C.L. § 557.151, stating that it "explicitly and unambiguously provides that classes of property named in the statute, which includes stocks and bonds, owned by a husband and wife are owned as tenants by the entirety 'unless otherwise therein expressly provided.'" 2007 WL 2404612, at *1. In *Zavradinos*, the parties did not dispute that M.C.L. § 557.151 applied, only differing on whether the security accounts should be considered a joint tenancy or a tenancy by the entirety.

Here, unlike the security accounts in *Zavradinos*, the text of M.C.L. § 557.151 does not include a living trust and/or the beneficial interest in a living trust. The Bankruptcy Court properly held that *Zavradinos* does not support an expansion of the types of properties included in M.C.L. §§ 557.151 and 600.5451(1)(n). (See Transcript of Bankruptcy Court, Case No. 15-10804, Doc. 12 Ex. 1 at 49-48, 51-52, 57)

### V. *LEWISTON II*

In *Lewiston II*, Lewiston claims exemption of his beneficial interest in the Trust under 11 U.S.C. § 522(b)(3)(B).[4] In the second adversary proceeding, the Bankruptcy

---

[4] Lewiston's amended Schedule C additionally cites M.C.L. §§ 450.4504 and 600.6023a. M.C.L. § 450.4504 concerns membership interests in Michigan limited liability corporations, and is inapplicable to living trusts. M.C.L. § 600.6023a states that "[p]roperty described in . . . M.C.L. § 557.151, or real property, held jointly by a husband and wife as a tenancy by the entirety is exempt from execution under a judgment entered against only 1 spouse." Lewiston's brief on appeal, however, makes no argument with respect to either section. Lewiston has therefore abandoned reliance on M.C.L. §§ 450.4504 and 600.6023a.

9

Court drew a distinction between a beneficial interest in a living trust on one hand, and tenancies by the entirety on the other. The Bankruptcy Court stated that Lewiston failed to demonstrate that a husband and wife's beneficial interest in a living trust enjoys the same protections afforded tenancies by the entirety. (See B.R. Doc. 574, 595) The Bankruptcy Court's reasoning is correct.

### A. 11 U.S.C. 522(b)(3)

11 U.S.C. § 522(b)(3) states that a debtor may exempt:

any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

*Id.* § (b)(3)(B).

The Bankruptcy Court said that this claimed exemption was duplicative of the checked box at the top of Lewiston's Schedule C, which indicated that Lewiston elected state-law exemptions under 11 U.S.C. § 522(b)(3). (See B.R. Doc. 40, p. 9).

Exemption under § 522(b)(3) depends on whether property is held in a tenancy by the entirety under Michigan law. By claiming this exemption, Lewiston apparently asserts that his beneficial interest in the Trust is held with his wife as tenants by the entirety. This argument, too, is without merit.

### B. Lewiston's Beneficial Interest in the Trust

In the second appeal, Lewiston reiterates that his beneficial interest in the Trust should be protected to the same extent in bankruptcy as his interest in a tenancy by the entirety. In support, he says that the Trust has "all the attributes of a tenancy by the entirety" and should therefore be considered as such in bankruptcy. This argument

lacks merit.

While Lewiston is correct that a living trust and a tenancy by the entirety may share certain attributes, they are not equivalent. Indeed, the essential attribute of tenancy by the entirety that Lewiston seeks to benefit from is the restraint on alienation. However, the 2008 amendment to the Trust expressly states that Lewiston, "acting alone," may "sell, exchange, assign, transfer, or convey" any real or personal property held in the Trust. (B.R. Doc. 489, Ex. A at 8; Ex. B at 1) By contrast, if his beneficial interest in the Trust held by Lewiston and his wife was as tenants by the entirety, neither Lewiston nor his wife would be able to unilaterally convey, alienate, or encumber entireties property without the consent of the other spouse. Lewiston's argument that the Trust has "all the attributes" of a tenancy by the entirety is mere legal fiction.

Here, although Lewiston and his wife are both beneficiaries of the Trust, this does not transform the beneficial interest of each into an asset held by the entirety. Lewiston's argument seeks to collapse a living trust—a separate and distinct legal entity—indistinguishably into a tenancy by the entirety. Lewiston's assertions are without merit, and he cites no case law or statutory law to support his position.

## VI. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's decision was legally sound and in no way clearly erroneous. Accordingly, decisions of the Bankruptcy Court are AFFIRMED.

SO ORDERED.

                                                               <u>s/Avern Cohn</u>  
                                                               AVERN COHN  
                                                               UNITED STATES DISTRICT JUDGE

Dated: August 13, 2015